UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARDOCHE OLIVIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:16-cv-03288 |
| | )   JUDGE CRENSHAW |
| KIM MCMILLIAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# **M E M O R A N D U M**

Plaintiff Mardoche Olivier, a resident of Clarksville, Tennessee, brings this *pro se, in forma pauperis* action against Kim McMillian, mayor of Clarksville; the Clarksville Police Department; Al Rivers Ansley, Chief of Police; City of Clarksville; Jeffrey Derico, Officer; and Maxx'd Out Towing, alleging violations of the Plaintiff's civil rights. (Doc. No. 1). The Plaintiff seeks damages from each Defendant except Officer Derico because the Plaintiff "believes that Officer Derico was forced to take action against Mr. Olivier and would not like him to suffer." (*Id*. at p. 3).

## I.   Required Screening of the Complaint

The Plaintiff is proceeding as a pauper in this action; therefore, the Court must conduct an initial review of the complaint under 28 U.S.C. § 1915(e)(2) and dismiss it or any portion of it that is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). See Hill v.

1

Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that "the dismissal standard articulated in Iqbal and Twombly governs dismissals for failure to state a claim under § 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)").

"Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.");

2

Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

## II. Alleged Facts

According to the complaint, on April 4, 2016, Officer Derico ordered Maxx'd Out Towing to tow the plaintiff's car and trailer "on the authority of the Mayor['s] office under the City of Clarksville codes." (Doc. No. 1 at p. 2). The Plaintiff's car and trailer were towed, and the Plaintiff was cited for a city code violation. (Id.) On September 18, 2016, the plaintiff appeared in "City Court of Clarksville" and the judge dismissed the citation, "stating that the city and officer did not have authority to tow Mr. Olivier['s] property." (Id.)

## III. Analysis

First, the Plaintiff states that he does not wish to pursue any remedies against Officer Derico. It is unclear why Officer Derico was named as a Defendant to this action. In any event, the claims against Officer Derico will be dismissed because Plaintiff has not alleged any constitutional violations for which he believes Officer Derico to be liable.

Second, simply having a car towed, without more, does not rise to the level of a constitutional violation. Kenney v. Paris Police Dep't, 2011 WL 1582125, at *8 n.4 (E.D. Ky. 2011). The Constitution prohibits the seizure of private property by a governmental entity without due process of law. Due process is satisfied if the state provides the Plaintiff with an adequate post-deprivation remedy. Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982). In this

3

regard, Tennessee's statutory post-deprivation remedy has been found to satisfy the requirements of due process. McLaughlin v. Weathers, 170 F.3d 577, 581-82 (6th Cir.1999). The Plaintiff does not allege that he has been denied the due process safeguards guaranteed to him by state law. Therefore, he has failed to state a claim upon which relief can be granted against Defendants Kim McMillian, Maxx'd Out Towing, or any other Defendant with regard to the towing of the Plaintiff's car and trailer.

Next, the Plaintiff has sued Al Rivers Ansley, the Chief of Police. It is a basic pleading essential that a plaintiff must attribute factual allegations to particular defendants. See Twombly, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Plaintiff has failed to attribute any conduct at all to the Chief of Police. Where a defendant is named but the plaintiff fails to allege that the defendant engaged in any specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. See Gilmore v. Corr. Corp. of Am., 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights). Therefore, the Plaintiff's claims against the Chief of Police will be dismissed.

Finally, the Plaintiff has named the Clarksville Police Department and the City of Clarksville as Defendants to this action. However, the Clarksville Police Department is not a suable entity under § 1983. See Mathes v. Metro. Gov't of Nashville & Davidson Cnty., No. 3:10–cv–0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) ("[F]ederal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit.")(collecting cases)). Thus, the Plaintiff's claims against the Clarksville Police Department must be dismissed.

4

While the City of Clarksville is a suable entity, it is responsible under § 1983 only for its "own illegal acts. [It is] not vicariously liable under § 1983 for [its] employees' actions." Connick v. Thompson, 563 U.S. 51, 131 S. Ct. 1350, 1359, 179 L.Ed.2d 417 (2011) (internal citations and quotation marks omitted). Under § 1983, a municipality can only be held liable if the plaintiff demonstrates that the alleged federal violation was a direct result of the city's official policy or custom. Burgess v. Fisher, 735 F.3d 462, 478 (6th Cir.2013) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)); Regets v. City of Plymouth, 568 Fed. Appx. 380, 2014 WL 2596562, at *12 (6th Cir. 2014) (quoting Slusher v. Carson, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. Burgess, 735 F.3d at 478.

The inadequacy of police training only serves as a basis for § 1983 liability where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact. Slusher, 540 F.3d at 457. To establish deliberate indifference, the plaintiff may show prior instances of unconstitutional conduct demonstrating that the governmental entity has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury. Id.; see also Gregory v. City of Louisville, 444 F.3d 725, 752-53 (6th Cir. 2006). In the alternative, where the constitutional violation was not alleged to be part of a pattern of past misconduct, a supervisory official or a municipality may be held liable only where there is essentially a complete failure to train the police force or training that is so reckless or grossly negligent that future police misconduct is almost inevitable or would properly be characterized as

5

substantially certain to result. Hays v. Jefferson Cnty., Ky., 668 F.2d 869, 874 (6th Cir.1982).

Here, the allegations of the complaint are insufficient to state a claim for municipal liability against the City of Clarksville under § 1983. The complaint does not identify or describe any of the City's policies, procedures, practices, or customs relating to training; it does not identify any particular shortcomings in that training or how those shortcomings caused the alleged violations of the plaintiff's rights; and it does not identify any other previous instances of similar violations that would have put the City of Clarksville on notice of a problem. See Okolo v. Metropolitan Gov't of Nashville, 892 F. Supp.2d 931, 944 (M.D. Tenn. 2012); Hutchison v. Metropolitan Gov't of Nashville, 685 F. Supp.2d 747, 751 (M.D. Tenn. 2010); Johnson v. Metropolitan Gov't of Nashville, No. 3:10-cv-0589, 2010 WL 3619790, at **2-3 (M.D. Tenn. Sept. 13, 2010). Accordingly, the Court finds that the complaint does not contain sufficient allegations to state a claim for municipal liability against the City of Clarksville. Any such claim will be dismissed.

**IV. Conclusion**

In conclusion, the Court finds that the complaint fails to state a claim upon which relief can be granted as to any Defendant. This action, therefore, will be dismissed with prejudice. 28 U.S.C. § 1915(e)(2).

For the same reasons that the Court dismisses this action, the Court finds that an appeal of this action would not be taken in good faith. The Court therefore certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by the Plaintiff would not be taken in good faith, and the Plaintiff will not be granted leave by this Court to proceed on appeal *in forma pauperis*.

An appropriate order will enter.

                                                                        WAVERLY D. CRENSHAW, JR.
                                                                        UNITED STATES DISTRICT JUDGE